Case 4:20-cv-00271   Document 53   Filed 01/12/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FRANK BARBER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EXPRESS COURIER ) <br> INTERNATIONAL, INC., and EMP ) <br> LSO HOLDING CORPORATION, ) <br> ) <br> Defendants. ) | Case No.: 4:20-cv-00271 |

### ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Before the Court is the parties' Joint Motion to Approve Settlement Agreement (Motion). The parties provided briefing as to why the settlement of claims under the Fair Labor Standards Act (FLSA) should be approved, along with a copy of the proposed settlement agreement, which has been signed by the parties' counsel and Defendants.

Where a settlement resolves claims involving a factual dispute over hours worked or compensation owed, the settlement agreement is enforceable without further review. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). In all other cases, the court must further examine the settlement to determine whether it resolves a bona fide dispute over the FLSA's provision and is fair and reasonable. *See id.* The Court has carefully reviewed the parties' disputes and the resolution of those disputes and concludes that the settlement should be approved.

First, regardless of the precise nature of the dispute, the settlement resolves a bona fide dispute between the parties over whether the Plaintiffs are covered by the FLSA at all. The Defendants assert that Plaintiffs were not subject to the FLSA's minimum wage or overtime requirements and denied that Plaintiffs were entitled to any overtime pay or other relief. *See*

*Sarabia v. Spitzer Indus.*, 2018 WL 6046327, at *3 (S.D. Tex. Nov. 19, 2018) (in FLSA collective action settlement, bona fide dispute existed because, in part, the parties disputed whether plaintiffs were independent contractors or employees, whether defendant willfully violated the FLSA when it failed to pay overtime, and number of hours that the class members worked).

The settlement also appears to be fair and reasonable. Both parties were represented by experienced counsel and reached the settlement with the assistance of a mediator. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (citing an employee's representation by an attorney as indication that a settlement is fair since the attorney "can protect their [clients'] rights under the [FLSA]"). The parties attest that the amount paid to each plaintiff is fair—taking into account the cost and uncertainty of further litigation. This is especially true here in light of the nature of the dispute. Defendants maintain they do not owe Plaintiffs any unpaid wages because Plaintiffs were independent contractors who were not covered by the FLSA's protections. And, while Plaintiffs disagree, the amount which they each stand to recover is likely low—especially when taking into account the cost to continue to litigate the case. *See Vassallo v. Goodman Networks, Inc.*, No. 4:15CV97-LG-CMC, 2016 WL 6037847, at *2 (E.D. Tex. Oct. 14, 2016) (taking into account the cost of litigation in approving an FLSA settlement). The parties note, for example, that "[i]f the litigation were to continue, the parties would be required to expend a great deal of time and expense in completing discovery, filing and responding to dispositive motion(s), and trial." *Motion* at 6.

Finally, there is no indication that the settlement was reached through fraud or misinformation. To the contrary, the parties maintain that they had a full opportunity to assess the strengths and weaknesses of their respective positions and only reached the settlement after taking advantage of that opportunity. *Id.* at 5. The Court finds it proper to approve the settlement under

these circumstances, which will bring this case to a close following administration of the settlement through a third-party administrator, as agreed to by the parties.

The Parties' Joint Motion to Approve Settlement Agreement is GRANTED. The Clerk of the Court is DIRECTED to administratively close this matter, pending the filing a joint motion to dismiss with prejudice by the parties after the settlement administration.

It is so ORDERED.

SIGNED on this 12th day of January, 2021.

Kenneth M. Hoyt
United States District Judge